OPINION
{¶ 1} Plaintiff-appellant Joseph Mr. Rieger appeals from the dismissal of his cause of action against defendant-appellee Angelia Podeweltz for assault, under Civ. R. 41(B)(2), based upon a failure of proof on the issue of damages. Rieger contends that the trial court erred in crediting the testimony of Podeweltz, that the trial court erred in restricting his ability to impeach Podeweltz's credibility, and that the trial court erred in *Page 2 
some unspecified way with respect to a Riverside police report that Rieger caused to be marked as an exhibit, but never offered in evidence. None of these alleged errors can have prejudiced Rieger in view of the dismissal of his action upon the ground of failure of proof of damages. Rieger also contends that the trial court erred in finding that Podeweltz did not assault him. The record does not portray that the trial court ever made this alleged finding; the record reflects that the trial court agreed with Podeweltz that there was a failure of proof on the issue of damages, thereby mooting the issue of whether Podeweltz assaulted Rieger.
 {¶ 2} Rieger contends that the trial court engaged in improper ex parte communication with Podeweltz's attorney, but the record fails to portray any error in this regard.
 {¶ 3} Finally, Rieger contends that the trial court erred by finding a failure of proof on the issue of damages, and by denying his request, after he had rested, to offer medical records in evidence. The trial court noted that there were no witnesses to authenticate the medical records, in view of which we conclude that the trial court did not abuse its discretion by denying Rieger's request to offer them in evidence after he had rested, and Podeweltz had moved to dismiss. We agree with the trial court that there was a failure of proof on the issue of damages. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 4} Podeweltz had obtained a civil stalking protection order against Rieger. While this order was in effect, the two encountered each other at a festival at St. Helen's Catholic Church, near where they both lived, on June 11, 2005. It was close to *Page 3 
closing time.
 {¶ 5} Construing the evidence in a light most favorable to Rieger, Podeweltz shoved Rieger away from her, and, in the process, caused a cup or glass of beer Rieger was holding to spill all over Rieger, making his shirt visibly wet. Podeweltz then went to the security personnel at the festival, who escorted Rieger out of the festival grounds.
 {¶ 6} Rieger brought this action against Podeweltz for assault, contending that as a result of her actions, Rieger had suffered embarrassment, mental anguish, pain, and suffering, and demanding damages in the amount of $600.
 {¶ 7} A bench trial was held. Rieger, acting pro se, called Podeweltz and three other witnesses to testify. At the conclusion of his case, Podeweltz moved to dismiss, contending that there was a failure of proof on the issue of damages. The trial court agreed, and dismissed the action under Civ. R. 41(B)(2). From the dismissal of his action, Rieger appeals.
 II {¶ 8} Rieger's First, Second, and Fourth assignments of error are as follows:
 {¶ 9} "TRIAL JUDGE CONCLUDED IN ERROR THAT MR. RIEGER HAD NO RIGHT TO IMPEACH MISS PODEWELTZ AT ANY POINT DURING THE HEARING BASED ON RULE 616.
 {¶ 10} "MISS PODEWELTZ IS A PROFESSIONAL SALES PERSON BY TRADE. MISS PODEWELTZ COMMITTED FALSIFICATION OR PERJURY DEPENDING ON WHAT ANGLE YOU LOOK AT THE FACTS AND PODEWELTZ'S STATEMENTS FROM. *Page 4 
 {¶ 11} "MISS PODEWELTZ'S TESTIMONY INDICATES THAT SHE WAS EVASIVE AND LYING DURING HER TESTIMONY."
 {¶ 12} Each of these assignments of error relates to issues involving the credibility of Podeweltz, who was called by Rieger as a witness as upon cross-examination. The First Assignment of Error contends that the trial court erroneously limited Rieger's ability to impeach Podeweltz. We have reviewed the entire transcript, and watched the entire videotape of the trial, and we conclude that the trial court was simply noting, correctly, that Rieger could not impeach Podeweltz's credibility until he elicited some relevant testimony from her.
 {¶ 13} In any event, Podeweltz only testified on the issue of liability, not damages, admitting that she shoved Rieger, or pushed him away, causing the beer Rieger was holding to be spilled upon him as a result. Podeweltz did not testify on the issue of damages, and it was a failure of proof on the issue of damages that resulted in the dismissal of this cause of action, under Civ. R. 41(B)(2), at the conclusion of Rieger's case. Therefore, any error involving the issue of Podeweltz's credibility as a witness is necessarily harmless, since it cannot have affected the outcome of the trial.
 {¶ 14} Rieger's First, Second, and Fourth assignments of error are overruled.
 III {¶ 15} Rieger's Third Assignment of Error is as follows:
 {¶ 16} "MR. RIEGER ALLEGES THAT ATTORNEY ARTHUR AND JUDGE PIERGIES HAD EX PARTE COMMUNICATION ABOUT HOW THEY WOULD HANDLE THE TRIAL. THIS WAS NOT ENTIRELY DISCLOSED TO MR. RIEGER (PRO SE). *Page 5 
THE JUDGE PARTLY DISCLOSED THAT ARTHUR HAD RELAYED TO HIM THAT PODEWELTZ WANTED EXEMPTION FROM THIS CASE UNTIL THE PROTECTION ORDER LAPSED. BUT, I MR. RIEGER ALLEGED THAT ARTHUR MET WITH THE JUDGE JUST PRIOR TO THE TRIAL HAD 10-4-06 AND LAID OUT THE FOUNDATION OF WHAT'S RELEVANT AND WHAT'S NOT AND KEEPING THINGS ON TRACK (TR 3). THE JUDGE IN ERROR DIDN'T DISCLOSE THIS TO MR. RIEGER. WHO KNOWS WHAT OTHER DETAILS THEY WORKED OUT AS THE JUDGE BADGERED ME DURING MY CASE (SEE VIDEO AND TR20)"
 {¶ 17} We have reviewed the entire transcript and watched the entire videotape of the trial, and we find none of the allegations set forth in this assignment of error portrayed therein. In his argument in support of this assignment of error, Rieger asks this court to watch the videotape carefully to see if, before the trial, Richard Arthur, the attorney for Podeweltz, can be seen going into the trial judge's chambers, for whatever that might prove. We have watched the portion of the videotape preceding the trial more than once, and we have seen nothing therein that would indicate that Arthur entered the trial judge's chambers.
 {¶ 18} We have also found nothing in either the written transcript or the videotape that suggests any kind of collusion between the trial court and Podeweltz's attorney. Nor have we found any indication of the trial judge's having "badgered" Rieger. To the contrary, the trial court appears to have been quite patient with Rieger, who was proceeding pro se, to the extent of explaining to Rieger how he might wish to proceed to elicit relevant evidence from his witnesses.
 {¶ 19} Rieger's Third Assignment of Error is overruled. *Page 6 
 IV {¶ 20} Rieger's Eighth and Ninth assignment of error are as follows:
 {¶ 21} "THE JUDGE IN ERROR APPEARS TO CONCLUDE THAT A PERSON CAN STRIKE ANOTHER PERSON WHEN THE OTHER PERSON IS A NON-COMBATANT AND THAT DAMAGES HAVE TO BE ONLY PHYSICAL IN NATURE (TR43). JUST THE STRIKING OF A PERSON WHO IS AT PEACE SOCIALIZING WITH HIS OLD NEIGHBORHOOD FRIENDS IS DAMAGE ENOUGH.
 {¶ 22} "JUDGE PIERGIES DISMISSED THE CASE IN ERROR (TR42, 43). WHILE THE TRIAL COURT WAS STILL GOING ON AND BEFORE JUDGE PIERGIES FORMALLY DISMISSED THE CASE I MOTION THE JUDGE TO TAKE MY DOCTORS MEDICAL REPORT."
 {¶ 23} These assignments of error go to the heart of Rieger's appeal, since they address the basis for the judgment.
 {¶ 24} In his complaint, Rieger alleges as follows:
 {¶ 25} "3. On or about June 11, 2005 on or about 8:30 PM. Plaintiff was attending the St. Helen's festival located on Burkhardt Rd. within the City of Riverside, Ohio. Defendant Angelia R. Podeweltz, found Mr. Rieger in the beer booth with a cup of beer in his left hand. Defendant walked directly up to Mr. Rieger intentionally and negligently and forcefully grabbing/striking his left arm without his permission and bending it forcefully upward forcing the cup of beer to be thrown upon Mr. Rieger's face and upper torso. At the same time injuring his left elbow.
 {¶ 26} "4. Plaintiff asks for damages in the amount of $600.00. Plaintiff suffered *Page 7 
embarrassment, mental anguish, and pain and suffering. In addition, Plaintiff asks for reimbursement of all attorney fees incurred after the date of this filing of this Amended Complaint For Damages. As of the date of this filing no attorney fees have been incurred."
 {¶ 27} Rieger's proof at trial sufficed to show that Podeweltz shoved him, or pushed him away, thereby causing him to spill on himself the beer in the cup he was holding. Rieger did not testify, and there was no proof of any of the damages he claimed in his complaint, whether relating to embarrassment, mental anguish, pain or suffering. Consequently, at the close of Rieger's case, Podeweltz moved to dismiss the complaint, under Civ. R. 41(B)(2), noting that there was a failure of proof on the issue of damages. The trial court agreed.
 {¶ 28} At this point, Rieger belatedly offered medical records he had in his possession. The trial court did not allow Rieger to present the medical records, noting that Rieger had already rested his case, and that, in any event, Rieger had no witnesses present who could authenticate the medical records he wished to offer in evidence.
 {¶ 29} Under these circumstances, the trial court correctly granted Podeweltz's motion to dismiss the case under Civ. R. 41(B)(2). Rieger's Eighth and Ninth assignments of error are overruled.
 V {¶ 30} Rieger's Fifth and Seventh assignments of error are as follows:
 {¶ 31} "THE JUDGE CONCLUDED IN ERROR THAT MISS PODEWELTZ DIDN'T ASSAULT MR. RIEGER (TR 9).
 {¶ 32} "THE JUDGE IN ERROR CONCLUDES THAT PODEWELTZ'S [SIC] *Page 8 
WAS ACTING IN SELF DEFENSE WHEN SHE FREELY OF HER OWN ACCORD CHOOSE [SIC] TO ASSAULT MR. RIEGER A NON-COMBATANT (TR43). WHY ELSE WOULD THE JUDGE NOT LET ME INTRODUCE MEDICAL RECORDS WHILE ALL THE LITIGANTS ARE IN ONE LOCATION UNDER THE SAME ROOF."
 {¶ 33} The record does not portray the errors asserted. There is nothing in the record to support a conclusion that the trial court found that Podeweltz did not assault Rieger, or that, if she did assault Rieger, it was in self-defense. Even if the trial court so found, that could not have prejudiced Rieger, since the basis for the dismissal of his action was upon the ground of a failure of proof as to damages, so that a finding that no assault occurred, or that it was in self-defense, even if either or both of these findings were made, and even if either or both findings were erroneous, had no averse impact on the outcome of the trial.
 {¶ 34} Rieger's Fifth and Seventh assignments of error are overruled.
 VI {¶ 35} Rieger's Sixth Assignment of Error is as follows:
 {¶ 36} "MISS PODEWELTZ'S [SIC] IN ERROR USED THE PROTECTION ORDER AS A HUNTING LICENSE TO HUNT DOWN AND ASSAULT MR. RIEGER (TR 11)."
 {¶ 37} It is not clear to us what Rieger means when he makes this assertion. In any event, this assertion, involving a claim that Podeweltz somehow used the protection order she had obtained against Rieger in some improper way, has no possible bearing on the outcome of this cause of action for assault. This cause of action was dismissed *Page 9 
based upon a failure of proof as to damages. The means Podeweltz used to get herself into a position to be able to assault Rieger, if she did, in fact, assault him, has no bearing upon the issue of damages.
 {¶ 38} Rieger's Sixth Assignment of Error is overruled.
 VII {¶ 39} Rieger's Tenth Assignment of Error is as follows:
 {¶ 40} "MR. RIEGER FILED A RIVERSIDE POLICE INFORMATIONAL REPORT. ATTACHED AS ADDENDUM. JUDGE PIERGIES WAS DISRUPTING MR. RIEGER'S PLANNED CASE STRATEGY."
 {¶ 41} During his examination of Podeweltz, Rieger marked four exhibits, two of which, Exhibits 1 and 4, appear to have been Kettering, Ohio, Police Department reports. None of the exhibits was admitted in evidence. Rieger attaches to his brief a copy of an information report, apparently pertaining to the incident at the St. Helen's festival on June 11th, with which this appeal is concerned, maintained by the Riverside, Ohio, Police Department. We have not found anywhere in the record where this police report was offered into evidence, admitted, or excluded.
 {¶ 42} The only place in the record where the trial court arguably excluded evidence is at pages 21-22, where, in reference to a Kettering Police Report of May 30th, before the alleged assault on June 11th, the trial court stated:
 {¶ 43} "Sir, that's not relevant. It's not relevant. It's not coming in, so don't even bother bringing it in. Stick to the incident. Let's find out what happened at the incident. We still don't have a clear picture of what you're claiming. So if you want to ask *Page 10 
questions about the incident-
 {¶ 44} "MR. RIEGER: Okay.
 {¶ 45} "THE COURT: Let's stick to the incident."
 {¶ 46} We find no error in the portion of the record quoted above, which, of course, did not pertain to the Riverside Police Report with which this assignment of error is concerned. We have found no error in the record pertaining to the Riverside Police Report. We note that the Riverside Police Report attached to Rieger's brief does not address the issue of damages, other than to note that: "He [Rieger] advised he had no injuries, was not removed to a hospital nor was he even checked by a doctor." Therefore, even if there were some error by the trial court in the handling of this police report, which is not portrayed in the record, any such error could not have been prejudicial, since it would not have affected the trial court's correct decision to grant Podeweltz's motion to dismiss this cause of action upon the ground of a failure of proof as to damages.
 {¶ 47} Rieger's Tenth Assignment of Error is overruled.
 VIII {¶ 48} All of Rieger's assignments of error having been overruled, the judgment of the trial court is Affirmed.
 WOLFF, P.J., and DONOVAN, J., concur. *Page 1